UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CHANDRA J. NOBLE, an individual     )      CASE NO. 9:21-CV-80967
        Plaintiff,             )
                           )
v.                                 )
                           )
THE COUNTRY CLUB AT WOODFIELD,)
INC. d/b/a Woodfield Country Club,     )
a Florida Not for Profit Corporation,     )
JEFFREY F. COHEN, an individual     )
            Defendants.            )

## COMPLAINT

COMES NOW, Plaintiff, CHANDRA J. NOBLE, by and through undersigned counsel, and hereby files this Complaint against Defendants, for damages. In support thereof, Plaintiff alleges, and states as follows:

## NATURE OF CASE

1. Plaintiff complains pursuant to 42 U.S.C. § 1981 ("Section 1981") and seeks damages to redress the injuries Plaintiff suffered as a result of being exposed to race discrimination and retaliation.

2. Plaintiff also complains pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and seeks damages to redress the injuries Plaintiff suffered as a result of being exposed to race discrimination, sex discrimination, religion discrimination, and retaliation.

3. Plaintiff also complains pursuant to State common law battery and negligent retention of an employee and seeks to redress the injuries Plaintiff suffered as a result of being battered and emotionally abused.

4.  Plaintiff seeks compensatory damages, punitive damages, and reasonable attorneys' fees and costs as remedies for Defendants' violations of her rights.

## JURISDICTION AND VENUE

5.  This is an action for monetary damages pursuant to Section 1981, Title VII, and state common law Battery and Negligence.

6.  This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Section 1981 and Title VII, *as amended*.

7.  The Court also has supplemental jurisdiction over the remaining claims in Plaintiff's Complaint pursuant to 28 U.S.C. § 1367(a) because those claims are based on the same factual allegations, and therefore comprise the same case or controversy that gives rise to the claims arising under federal law.

8.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because Defendants were located in this judicial district, and a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## PROCEDURAL REQUIREMENTS

9.  Plaintiff has complied with all statutory prerequisites to file this action.

10. On or around January 21, 2020, Plaintiff dual filed her charge with the Equal Employment Opportunity Commission ("EEOC") and Palm Beach County Office of Equal Opportunity ("OEO") and given EEOC Charge number 15m-2020-00034.

11. On or around September 6, 2020, Plaintiff dual filed her charge with EEOC and OEO, and given EEOC Charge number 15m-2020-00098.

12. On or around November 2, 2020, Plaintiff dual filed her charge with EEOC and OEO, and given EEOC Charge number 15m-2021-00009.

13. On March 8, 2021, Plaintiff received the Right to Sue Letter in reference to her EEOC charges.

14. Plaintiff filed this complaint within ninety (90) days of the issuance of the EEOC's Right to Sue letter.

## PARTIES

15. At all times material, Plaintiff is an individual, African American woman, and is a resident of the State of Florida.

16. At all material times, Defendant, The Country Club at Woodfield, Inc. d/b/a Woodfield Country Club ("Woodfield") is a not-for-profit corporation incorporated in Florida, existing by the virtues and laws of the State of Florida, doing business in Palm Beach County, Florida, with its principal place of business in Boca Raton, Florida.

17. At all material times, Defendant Jeffrey F. Cohen ("Cohen"), is an individual, who is a resident of Palm Beach County, Florida, who is employed by Defendant Woodfield.

18. At all material times, Defendant Cohen was Plaintiff's manager/director.

## STATEMENT OF FACTS

19. On or around October 20, 2016 the Plaintiff began working for Defendant Woodfield as a Desk Attendant in the Tennis Department.

20. At all material times, Defendant Woodfield maintained a work policy that prohibited unlawful discrimination in any form including based on race, color, religion, sex, national origin, age, disability, marital status, veteran status, and any other characteristic protected by law.

21. Plaintiff is the only African American in the entire Tennis Pro Shop staff, and experience discrimination amongst other white employees in this department.

22. Defendant Cohen is Plaintiff's manager/director.

23. Throughout Plaintiff's employment with Defendant Woodfield, Defendant Cohen would inflict verbal assaults and emotional mental abuse towards the Plaintiff, while other white employees did not receive such treatment.

24. The actions inflicted by Defendant Cohen mentioned above; Plaintiff apprised Ingrid Hope ("Ms. Hope") at sometime in July of 2017, who is the Human Resources Director of Defendant Woodfield.

25. Ms. Hope and Defendant Woodfield was made aware that Defendant Cohen cussed at the Plaintiff multiple times and slammed a door in the face of the Plaintiff; nearly hitting her.

26.  Ms. Hope nor anyone employed with Defendant Woodfield addressed the Plaintiff's concerns.

27. The verbal assaults and emotional mental abuse continued, even after the Plaintiff reported the verbal assaults and emotional mental abuse that she received from Defendant Cohen.

28. On November 15, 2019, Defendant Cohen placed his hand around the back of Plaintiff's neck, with a very tight grip, squeezing it very hard, digging his fingers deep into the Plaintiff's collar bone, then guided and pulled the Plaintiff back towards a computer, after becoming enraged with the Plaintiff.

29. The above acts were done without the Plaintiff's consent.

30. Defendant Cohen never battered a white nor male employee the way he battered the Defendant, therefore committed the battery because Plaintiff was an African American or because she is a woman.

31. As a result of Defendant Cohen grabbing the Plaintiff's neck, the Plaintiff suffered headaches, sleepless nights with tossing and turning through the night, upset stomach, nausea, anxiety, and

constant fear, humiliation, depression, and trauma each time the Plaintiff is near the computer where the battery occurred.

32.  The Plaintiff reported Defendant Cohen's actions to local law enforcement, and Defendant Cohen explained to law enforcement that the Plaintiff "gets distracted easily and was guiding her back to the computer screen."

33. The Plaintiff then reported this matter to the OEO, which was a dual filing with the EEOC, on or around January of 2020, which was given EEOC Charge Number 15m-2020-00034.

34. The Plaintiff alleged in EEOC Charge Number 15m-2020-00034 that she was discriminated against on November 15, 2019, by Defendant Cohen, because of her race and sex.

35. The Plaintiff also alleged in EEOC Charge Number 15m-2020-00034 that she was retaliated against.

36. After making the discrimination claim, the Plaintiff's work hours were reduced.

37. Further, after making the discrimination claim, she was still supervised by Defendant Cohen.

38. At all material times, the Plaintiff was subjected to disparate treatment regarding rules and regulations while working with Defendant.

39. On July 18, 2020 Plaintiff was written up for being late after informing the Defendant Woodfield that she would be late due to unforeseen mechanical issues with her vehicle.

40. Other white employees at Defendant Woodfield have tardiness issues, including Defendant Cohen, yet other white employees are not written up for tardiness.

41. Other white employees are allowed to wear clothing outside of uniform; however, Defendant Woodfield was strict on Plaintiff; ensuring that she is in proper uniform. Other white employees of the Tennis Pro Shop staff were given updated uniforms, while Defendant Cohen declined to give the Plaintiff a new uniform shirt and pants for over a year.

42. Other white employees in the Tennis Pro Shop staff were given better pay including better raises than the Plaintiff. Other white employees of the Tennis Pro Shop staff were promoted over the Plaintiff, including new positions being created, where the Plaintiff was overlooked to be placed in these new positions. The Plaintiff was never informed of these new positions and was never offered to apply to these positions, even though the Plaintiff was more than qualified for these positions with many years of experience in Tennis.

43. Other white employees were given better performance reviews than the Plaintiff, yet the Plaintiff has never received a negative survey from Woodfield tennis members, and some white employees have received negative survey reviews from Woodfield tennis members. The Plaintiff only received positive reviews from Woodfield tennis members, however the Plaintiff was never informed, acknowledged, recognized, or rewarded by Defendant Woodfield.

44. Defendant Cohen, who is white, and a male, was allowed to keep his job after committing a battery on Plaintiff, while the Plaintiff has been threatened to be terminated on multiple occasions.

45. At all material times Defendant Woodfield was made aware that the Plaintiff does not work on Wednesday and Sundays for religious purposes.

46. On Wednesday, the Plaintiff participates in bible study and on Sunday the Plaintiff participates in church and has church responsibilities.

47. On or around September 10, 2020 Defendant Woodfield changed the Plaintiff's work schedule to work on a Wednesday.

48. The Plaintiff informed Defendant Woodfield that her normal days off are Wednesdays and Sunday's due to her religion however, the Plaintiff's request to be off on Wednesday was denied.

49. Defendant Woodfield scheduled the Plaintiff on Wednesday in retaliation of making the claim given EEOC Charge Number 15m-2020-00098.

50. The discriminatory and retaliatory acts committed by Defendant Woodfield, upon Plaintiff created a hostile work environment for the Plaintiff to work in.

### COUNT I: § 1981 DISCRIMINATION.
### (*Chandra Noble v. Woodfield*)

51. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 50 above as if fully and expressly set forth herein, and further alleges as follows:

52. Plaintiff, as an African American woman, was discriminated against by Defendant Woodfield because of her race as provided under Section 1981.

53. As a result of the Defendant Woodfield's harassment and disparate treatment because of Plaintiff's race, such action adversely affected the terms, conditions, and privileges of Plaintiff's discrimination was so pervasive as to alter the work environment and to create an abusive and hostile work environment.

54. Defendant Woodfield's inaction was done knowingly and intentionally, and in willful, wanton, and reckless disregard of Plaintiff's protected rights.

55. Defendant Woodfield had actual notice or should have known of Plaintiff's harassment and disparate treatment but failed to appropriately act.

56. Defendant's harassment and disparate treatment of Plaintiff was, in whole or in part motivated by her race.

57. Defendant Woodfield discriminated against Plaintiff with respect to the terms, conditions, and privileges of employment because her race.

58. At all material times, Plaintiff's harassment and disparate treatment was a "significant change" in employment status.

59. As a direct and proximate result of Defendant Woodfield's race discrimination, Plaintiff has suffered, and continues to suffer, loss of income, loss of enjoyment of life, emotional distress, pain and suffering, embarrassment, humiliation, and distress.

**WHEREFORE**, the Plaintiff requests that judgment be entered against the Defendant Woodfield for damages, including compensatory, consequential, punitive damages, and all equitable relief, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## COUNT II: § 1981 RETALIATION
### (*Chandra Noble v. Woodfield*)

60. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 50 above as if fully and expressly set forth herein, and further alleges as follows:

61. Plaintiff, as an African American woman, was discriminated against by Defendant Woodfield because of race as provided under Section 1981.

62. As a result of the Defendant Woodfield's harassment and disparate treatment because of her race, such actions adversely affected the terms, conditions, and privileges of Plaintiff's employment, and was so pervasive as to alter the work environment and to create an abusive and hostile work environment.

63. Defendant Woodfield's inaction was done knowingly and intentionally, and in willful, wanton, and reckless disregard of Plaintiff's protected rights.

64. Defendant Woodfield had actual notice or should have known of Plaintiff's harassment and racial disparate treatment but failed to appropriately act.

65. Defendant Woodfield's harassment and racial disparate treatment of Plaintiff was, in whole or in part because of her race, and for Plaintiff reporting to the OEO/EEOC.

66. At all material times, Plaintiff's harassment and disparate treatment was a "significant change" in employment status.

67. Plaintiff claims unlawful retaliation under 42 U.S.C. 1981 for opposition to Defendant Woodfield's unlawful employment practices.

68. Defendant Woodfield's retaliation against Plaintiff was done knowingly and intentionally, and in willful, wanton, and reckless disregard of Plaintiff's Federally protected rights.

69. As a direct and proximate result of Defendant Woodfield's inaction and retaliation for her lawfully having engaged in statutorily protected activity, Plaintiff has suffered, and continues to suffer, loss of income, loss of enjoyment of life, emotional distress, pain and suffering, embarrassment, humiliation, and distress.

**WHEREFORE**, the Plaintiff requests that judgment be entered against the Defendants for damages, compensatory, consequential, punitive damages, and all equitable relief, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

<u>**COUNT III: 42 U.S.C. § 2000e-2(a)**</u> <u>**Title VII of the CIVIL RIGHTS ACT of 1964,**</u> *<u>as</u>*
*<u>amended.</u>*
<u>**Race-Based Discrimination (Disparate Treatment)**</u>
<u>**(*Chandra Noble v. Woodfield*)**</u>

70. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 50 above as if fully and expressly set forth herein, and further alleges as follows:

71. Section 703 of Title VII, 42 U.S.C. § 2000e-2, prohibits employment practices that discriminate against persons on the basis of their race.

72. Defendant Woodfield treated the Plaintiff different than other white employees as explained in paragraphs 19 through 50.

73. As a direct and proximate result of Defendant Woodfield's disparate treatment, Plaintiff has suffered, and continues to suffer, loss of income, loss of enjoyment of life, emotional distress, pain and suffering, embarrassment, humiliation, and distress.

74. Defendant Woodfield's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on race.

**WHEREFORE**, the Plaintiff requests that judgment be entered against the Defendant Woodfield for damages, compensatory, consequential, punitive damages, and all equitable relief, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

### COUNT IV: 42 U.S.C. § 2000e-2(a) Title VII of the Civil Rights Act of 1964, *as amended.* Race-Based Discrimination (Hostile Work Environment) (*Chandra Noble v. Woodfield*)

75. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 50 above as if fully and expressly set forth herein, and further alleges as follows:

76. Plaintiff were subjected to harassment by Defendants' agents and employees, including but not limited to Defendant Cohen, because of her race.

77. Plaintiff was physically and emotionally abused by Defendant Cohen.

78. Defendant Woodfield's agents and employees' conduct was not welcomed by Plaintiff.

79. Defendant Woodfield's agents' and employees' conduct was undertaken because of Plaintiff's race.

80. The conduct was so severe or pervasive that reasonable persons in Plaintiff's position would find their work environment to be hostile or abusive.

81. Plaintiff believed their work environment to be hostile or abusive as a result of Defendant Woodfield's agents' and employees' conduct.

82. Defendant Woodfield knew, or should have known, of the abusive conduct. Plaintiff provided Ms. Hope, including the EEOC, with information sufficient to raise a probability of race harassment, in the mind of a reasonable employer. Moreover, the harassment was so pervasive and open that a reasonable employer would have had to have been aware of it. Indeed, management level employees were themselves complicit in the abusive conduct.

83. Defendant Woodfield did not exercise reasonable care to prevent harassment in the workplace on the basis of race and did not exercise reasonable care to promptly correct any harassing behavior that did occur.

84. As a direct and proximate result of Defendant Woodfield's hostile work environment, Plaintiff has suffered, and continues to suffer, loss of income, loss of enjoyment of life, emotional distress, pain and suffering, embarrassment, humiliation, and distress.

85. Defendant Woodfield's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on race.

**WHEREFORE**, the Plaintiff requests that judgment be entered against the Defendant Woodfield for damages, compensatory, consequential, punitive damages, and all equitable relief, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

### COUNT V: 42 U.S.C. § 2000e-2(a) Title VII of the Civil Rights Act of 1964, *as amended.* Sex-Based Discrimination pursuant to Rule 8(d) of Fed. R. Civ. Pro. (*Chandra Noble v. Woodfield*)

86. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 50 above as if fully and expressly set forth herein, and further alleges as follows:

87. Title VII of the Civil Rights Act of 1964, as amended, makes it unlawful for an employer, "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any

individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

88. Defendant Woodfield discriminated against Plaintiff by treating her differently from male coworkers when Defendant Cohen battered the Plaintiff.

89. Plaintiff's sex was the determining factor and/or a motivating factor in Defendant Cohen's actions.

90. As a direct and proximate result of Defendant Woodfield's discrimination, Plaintiff has suffered, and continues to suffer, loss of income, loss of enjoyment of life, emotional distress, pain and suffering, embarrassment, humiliation, and distress.

91. Defendant Woodfield's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on sex.

**WHEREFORE**, the Plaintiff requests that judgment be entered against Defendant Woodfield for damages, compensatory, consequential, punitive damages, and all equitable relief, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

### COUNT VI: 42 U.S.C. § 2000e-2(a) Title VII of the Civil Rights Act of 1964, *as amended.* Religion Based Discrimination pursuant to Rule 8(d) of Fed. R. Civ. Pro. (*Chandra Noble v. Woodfield*)

92. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 50 above as if fully and expressly set forth herein, and further alleges as follows:

93. Title VII of the Civil Rights Act of 1964, as amended, makes it unlawful for an employer, "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

94. Defendant Woodfield discriminated against Plaintiff based on her religion by scheduling the Plaintiff on a Sunday and/or Wednesday, which they knew those days were dedicated for religious activities, and which were days she was previously afforded the time off.

95. Plaintiff's religion was the determining factor and/or a motivating factor in Defendant Woodfield's actions.

96. As a direct and proximate result of Defendant Woodfield's religion discrimination, Plaintiff has suffered, and continues to suffer, loss of income, loss of enjoyment of life, emotional distress, pain and suffering, embarrassment, humiliation, and distress.

97. Defendant Woodfield's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on religion.

**WHEREFORE**, the Plaintiff requests that judgment be entered against Defendant Woodfield for damages, compensatory, consequential, punitive damages, and all equitable relief, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

**COUNT VII: 42 U.S.C. § 2000e-2(a) Title VII of the Civil Rights Act of 1964,** *as amended.*
**Retaliation**
(*Chandra Noble v. Woodfield*)

98. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 50 above as if fully and expressly set forth herein, and further alleges as follows:

99. Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, prohibits employers from discriminating against an employee "because [she] has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a).

100. Plaintiffs made informal complaints to Defendant Woodfield's agents and employees and a formal complaint with the OEO/EEOC, opposing Defendant Woodfield's unlawful, discriminatory employment practices based on race, sex, and religion.

101. As a result of Plaintiff's complaints, Defendant Woodfield's agents and employees took materially adverse actions against Plaintiff, including, but not limited to, issuing disciplinary warnings, such as counseling and coaching forms, threats of termination, reprimands, reduced work hours, continued verbal and emotional abuse, poor performance reviews, and minimal pay increase.

102. Defendant Woodfield's adverse actions constituted retaliatory workplace harassment.

103. Defendant Woodfield's retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity under Title VII.

104. As a direct and proximate result of Defendant Woodfield's discrimination, Plaintiff has suffered, and continues to suffer, loss of income, loss of enjoyment of life, emotional distress, pain and suffering, embarrassment, humiliation, and distress.

**WHEREFORE**, the Plaintiff requests that judgment be entered against Defendant Woodfield for damages, compensatory, consequential, punitive damages, and all equitable relief, in addition to all

litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this

Court deems to be just and proper.

## COUNT VIII: NEGLIGENT RETENTION OF AN EMPLOYEE
### (*Chandra Noble v. Woodfield*)

105.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in

Paragraphs 1 through 50 above as if fully and expressly set forth herein, and further alleges as

follows:

106.    Defendant Woodfield was aware, or should have been aware, of problems with Defendant

Cohen, which indicated Defendant Cohen was unfit to be a supervisor of Plaintiff and would

eventually cause physical and emotional harm to Plaintiff.

107.    Defendant Woodfield owed a duty to Plaintiff to protect the Plaintiff from physical and

emotional harm, and a hostile work environment.

108.    Defendant Woodfield breached its duty by failing to take further action after the Plaintiff

informed Ms. Hope of Defendant Cohen's verbal abuse and assaults.

109.    Further, Defendant Woodfield breached its duty by failing to take further action after the

Plaintiff reported Defendant Cohen's actions to the OEO/EEOC.

110.     Defendant failed to take further action by failing to conduct a thorough investigation,

failing to discharge Defendant Cohen, and/or failed to reassign of Defendant Cohen to another

department.

111.    Defendant Woodfield's breach was the proximate cause of the physical and emotional

damage to plaintiff.

112.    As a direct and proximate result of Defendant Woodfield's negligent retention of

Defendant Cohen, Plaintiff has suffered, and continues to suffer, loss of income, loss of

enjoyment of life, emotional distress, pain and suffering, embarrassment, humiliation, and distress.

**WHEREFORE**, the Plaintiff requests that judgment be entered against Defendant Woodfield for damages, compensatory, consequential, punitive damages, and all equitable relief, in addition to all litigation expenses and costs, and any other lawful and equitable relief this Court deems to be just and proper.

## COUNT IX: VICARIOUS LIABIITY
### (*Chandra Noble v. Woodfield*)

113.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 50 above as if fully and expressly set forth herein, and further alleges as follows:

114.    Defendant Cohen was at all material times an employee, agent, or agent apparent of Defendant Woodfield.

115.    Defendant Cohen committed a battery on the Plaintiff, without privilege or consent.

116.    Defendant Cohen committed a battery upon the Plaintiff, during the course of his employment as a Director of Tennis for Defendant Woodfield.

117.    The battery perpetrated by Defendant Cohen on the Plaintiff, occurred at Defendant Woodfield's principal place of business where Defendant Cohen was required to perform his employment duties.

118.    The battery described above occurred during Defendant Cohen's working hours, and whilst he was performing his employment duties.

119.    Defendant Cohen's contact with the Plaintiff were in furtherance of Defendant Woodfield's business interests.

120.     The acts engaged in by Defendant Cohen were in the actual and/or apparent course and scope of his employment or agency with Defendant Woodfield.

121.     Under the Doctrine of Respondeat Superior, Defendant Woodfield is responsible for negligent, reckless, and/or intentional actions of its servant, Defendant Cohen, which were committed in the actual and/or apparent scope of his duties as an employee/ agent/ representative.

**WHEREFORE**, the Plaintiff requests that judgment be entered against Defendant Woodfield for damages caused by Defendant Cohen to include, compensatory, consequential, punitive damages, and all equitable relief, in addition to all litigation expenses and costs, and any other lawful and equitable relief this Court deems to be just and proper.

## COUNT X: BATTERY
### (*Chandra Noble v. Jeff Cohen*)

122.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 50 above as if fully and expressly set forth herein, and further alleges as follows:

123.     Defendant Cohen intentionally touched and/or applied force to the body of Plaintiff.

124.     Defendant Cohen did the acts described above in a harmful and/or offensive manner.

125.     Defendant Cohen did the acts described above without the victim's consent.

126.     As a direct and proximate result of Defendant Cohen's battery, Plaintiff has suffered, and continues to suffer, loss of income, loss of enjoyment of life, emotional distress, pain and suffering, embarrassment, humiliation, and distress.

**WHEREFORE**, the Plaintiff requests that judgment be entered against Defendant Cohen for damages, compensatory, consequential, punitive damages, and all equitable relief, in addition to all

litigation expenses and costs, and any other lawful and equitable relief this Court deems to be just

and proper.

## **DEMAND FOR JURY TRIAL**

 Plaintiff requests a jury trial on all issues to be tried.

Respectfully Submitted on May 31, 2021.

*Trial Counsel*
s/ TOBECHUKU TONY NWAHIRI

_____
TOBECHUKU TONY NWAHIRI
Florida Bar No. 112107
Nwahiri Law, PLLC
13499 Biscayne Blvd., Suite 107
Miami, Florida, 33181
P: 305-345-4117 F: 305-503-4614
Tobe@NwahiriLaw.com